IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cr-00022-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRUCE ERIC HOLLOMAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), as contained in Defendant's Motion to Suppress Based on an Invalid Search Warrant (the "First Motion to Suppress," Doc. 21).[1]

A status conference and hearing on Defendant's request for a Franks hearing was conducted on November 15, 2024.

This order now follows.

I.   Discussion

In Franks v. Delaware, the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was

---

[1] Relevant background information appears in the undersigned's Memorandum and Recommendation regarding the First Motion to Suppress, which is being filed contemporaneously herewith.

included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. 154, 156 (1978).

The defendant's showing "must be more than conclusory" and must be accompanied by "a detailed offer of proof." Franks, 438 U.S. at 171. The defendant's burden to demonstrate entitlement to a Franks hearing is "a heavy one to bear." Tate, 524 F.3d at 454.

If a defendant relies on omitted facts from a search warrant affidavit (rather than affirmative false statements), a defendant faces an even greater burden and "must show that the omissions were 'designed to mislead'" or "made in reckless disregard of whether they would mislead," and that the omissions were material, i.e., the omissions "would defeat probable cause." United States v. Clenney, 631 F.3d 658, 664 (4th Cir. 2011) (quoting United States v. Colkley, 899 F.2d 297, 301 (4th Cir. 1990)); United States v. Wharton, 840 F. 3d 163, 168-69 (4th Cir. 2016) (citing Colkley, 899 F.2d 297, 301 (4th Cir. 1990)).

To assess the possible materiality of the subject information, the court should "insert the facts recklessly omitted, and then determine whether or not the corrected warrant affidavit would establish probable cause. If the corrected affidavit establishes probable cause, there is no Franks violation." United

2

States v. Wharton, 840 F. 3d 163, 169 (4th Cir. 2016) (citing Colkley, 899 F.2d 297, 301 (4th Cir. 1990)).

Here, Defendant asserts in his First Motion to Suppress that material information was omitted from an affidavit (the "Affidavit") that was submitted by law enforcement in support of a request for a warrant to search Defendant's cell phone (the "Phone"). Specifically, Defendant contends that the affiant failed to include that (1) Teresa Moore and Frank Moore (Teresa Moore's son) threatened to hurt Defendant if O.B. (the alleged victim) did not report having sexual relations with Defendant; (2) Teresa Moore and Frank Moore had a history of "crimes of dishonesty" and substance abuse; and (3) on September 14, 2023, O.B. recanted statements she had made previously indicating that she had engaged in sex with Defendant.

As an initial point, the undersigned disagrees with Defendant's characterization that O.B. "recanted" her prior statements. O.B.'s later statements indicated that she wished she had not reported the situation to law enforcement—not that sexual conduct had never occurred between her and Defendant. See e.g., Doc. 22-4 at 17:13; Doc. 22-5 at 17:18, 17:32, and 17:33; Doc. 22-14 (O.B.'s September 14, 2023 handwritten statement that she

"willingly had sex" with Defendant "no more than 5 times" and that O.B. did not want "any charges pressed against" Defendant).[2]

More significantly, as described in the Memorandum and Recommendation concerning the First Motion to Suppress, the undersigned finds that the Affidavit failed to establish probable cause to support the issuance of the Phone Warrant. Had the information cited by Defendant been included in the Affidavit, probable cause would have remained lacking.

Consequently, Defendant has not made a substantial preliminary showing that he is entitled to a Franks hearing.

**IT IS THEREFORE ORDERED** that Defendant's request for a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 156 (1978), as set out in the First Motion to Suppress (Doc. 21), is **DENIED**.

---

[2] During a November 15, 2024 status conference and hearing on Defendant's request for a Franks hearing, Defendant urged the Court to review the video footage submitted as exhibits to Defendant's Second Motion to Suppress (Doc. 22).

**IT IS FURTHER ORDERED** that on or before January 8, 2025, the parties shall file supplemental briefing, limited to five pages each, setting out their positions regarding how they believe Defendant's Second Motion to Suppress is impacted by the instant order and the undersigned's Memorandum and Recommendation concerning Defendant's First Motion to Suppress.

Signed: December 20, 2024

W. Carleton Metcalf
United States Magistrate Judge